IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


COLYNN SNOW,                                    3:10-cv- 927-9-99 TJC-McR

    Plaintiff,                              CIVIL ACTION NO: _____

V,

FLORIDA HIGHWAY SAFETY
AND MOTOR VEHICLES et al,
SANDRA LAMBERT, JULIE JONES

  V,

BUREAU OF ADMINISTRATIVE
REVIEW et,al, SUPERVISOR
ADRIENNE M. ENNIS
GREGORY OZMENT
    Defendant.


## **COMPLAINT FOR DAMAGES IN THE AMOUNT OF 1.3 MILLION**

Plaintiff Colynn Snow ("plaintiff" or "Mr Snow") on information and belief, alleges as
follows.

This is an action for damages based upon Plaintiff complaint of violation of fourth
amendment right, fifth and fourteenth amendment right of the constitution carried out by
FLORIDAHIGHWAY SAFETY AND MOTOR VEHICLES et al, including all individuals involved acting
outside of their jurisdiction and administrative duties.  Director-Sandra Lambert, Executive Director-
Julie L. Jones Hearing Officer-Adrienne M. Ennis in violation of 18 U.S.C Chapter 123 not
withstanding HSMV Sec. 730.004, 730.005 as well as 42 U.S.C §1983. 18 U.S.C § 241 Conspiracy
against ones rights.

On August the 16th 2008 former officer R.T Fraser badge #7912 had a red type unknown vehicle pulled over in front of address 5943 Broken Arrow Drive West at or around 11:00pm. Plaintiff (Mr. Snow) came out of his house address 5949 Broken Arrow Drive West going down to a neighbor house, that stay 2 houses down from Mr. Snow's address, Mr. Snow was observing the police traffic stop while on ones Own property towards his neighbor house, when former JSO officer R.T Fraser Badge # 7912 got out of his patrol car and approach me. Former officer Fraser told Mr. Snow to come to him, Mr. Snow stood still and didn't move any further, Mr. Snow asked Fraser what for? Former Officer Fraser then told Mr. Snow to put his hands up you're under arrest. Mr. Snow asked the OFFICER for what? Officer FRASER didn't tell Mr. Snow what was wrong and for what reason he was Arresting Mr. Snow. Mr. Snow was falsely arrested and charged with D.U.I and other frivolous charges, which was later dismissed December 18th 2009 with prejudice. Mr. Snow wasn't operating a commercial nor private vehicle at all Mr. Snow wasn't convicted of any charges pertaining to my case, Mr. Snow never received a ticket for any Civil traffic charges neither. Mr. Snow had a Commercial Drivers License (CDL) at the time. The HSMV suspended Mr. Snow license for refusing to take a Breathalyzer for 1 year. After Mr. Snow year was expired, Mr. Snow tried to go and retain my license back Mr. Snow was told that Mr. Snow had to pay a previous speeding ticket, show proof of insurance and Mr. Snow had to Register for a DUI class, which cost me 245.00 an 300.00 + other fees to get Mr. Snow CDL Privileges reinstated. Mr Snow had a hearing with a hearing officer

For the STATE OF FLORIDA DEPARTMENT OF HIGHWAY SAFETY

AND MOTOR VEHICLES DIVISION OF DRIVERS LICENSE.

ADDRIENNE A. ENNIS on January 14th 2010. Mr. Snow presented factual evidence

that proved Mr. Snow was not found guilty of a DUI. Mr. Snow presented a

disposition from the DUVAL COUNTY CIRCUIT COURT showing that the case

was dismissed, Mr. Snow requested that they remove the refusal to take a

Breathalyzer Off of Mr. Snow Driving record clearly since Mr. Snow was never

convicted of any wrong doing. The STATE OF FLORIDA DEPARTMENT

OF HIGHWAY SAFETY AND MOTOR VEHICLES DIVISION OF DRIVERS

LICENSE Refused to take heed to Mr. Snow's request. After the hearing Mr. Snow

received the results of the hearing by way of mail January 25th, 2010. Hearing officer

ADDRIENNE M. ENNIS words were and still are, that ("Because Mr. Snow refused

to take the test regardless if Mr. Snow was driving or not that Mr. Snow violated the

law") Of the STATE OF FLORIDA DEPARTMENT OF HIGHWAY SAFETY

AND MOTOR VEHICLES rules, but on the license it states that Operation of a

motor vehicle constitutes consent to any sobriety test required by law. The matter at

hand is that Mr. Snow was never operating a Motor vehicle Commercial nor Private.

Mr. Snow refused to submit to a Breath test, because Mr. Snow was never operating

a commercial or private vehicle. Mr. Snow was told by hearing officer in the letter to

file an appeal to the circuit court, but when Mr. Snow goes to the circuit court, the

clerks tell Mr. Snow that this is a FLORIDA HSMV Issue. Mr. Snow then wrote a

letter to Julie L. Jones Executive Director of HSMV February 3rd 2010 to clear up the matter. Mr. Snow have spoken with numerous of agents from the circuit court to the HSMV making Mr. Snow 's situation known, but to no avail Mr. Snow was refused help, from the highest to the lowest position and nobody can Show to Mr. Snow the law if Mr. Snow was never operating a vehicle how do such malfeasant charges apply when they were null and void from the beginning by the case being dismissed in a court of law. Almost 2 years later I Mr. Snow is still unemployed because STATE OF FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES DIVISION OF DRIVERS LICENSE refused to take this bogus charge off of my license. I have factual information showing companies refuse to hire me because of such info. See Attachments (A) (B) (C) (D) (E) (F) AND (G). Mr. Snow has just about exhausted any and all remedies in good faith to clear up this matter. Mr. Snow has even notified FLORIDA HOUSE REPRESENTATIVE Jennifer Carroll of District 13 Jacksonville Florida Duval County to review Mr. Snow's complaint seeking remedy to have Refusal to take a Breathalyzer tooken off Mr. Snow's Commercial Driving record.

## Damages and Liability

(1)    License reinstated cost $500.00.

(2)    Hearing cost $25.00

(3)    Class for DUI costs $245.00

(4)    Due to the wrongful charges on Mr Snow's DMV report. without employment Mr Snow Has lost the ability to Provide for his family, in the course of action Mr Snow's vehicle Has been repossessed amount cost $33,000. Mr Snow's home is stagnating and banks looking to foreclose cost  $139,000.

(5)    Defamation of character cost $500,000.

(6)    Pain and Suffering Cost $500,000 or what Jury see fit.

(7)    Lost Wages as a CDL Driver $116,000.

(8)    Total sum of damages $1,288,795.

## QUESTIONS NEEDING TO BE ADDRESSED

### 1.
Q: Did in competency, neglect, and or both, by the HSMV in Florida stand in the way of the plaintiff to find dutiful employment? See Attachment (A)

### 2.
Q: Did same cause him unnecessary duress, hardship, both physically and mentally, in his year+ long struggle to clear the Florida HSMV's factually wrong assertion that the plaintiff did in fact refuse to Submit to a Breathalyzer test while operating a commercial or any motor vehicle based on a DUI conviction in Florida? See Attachment (B)

### 3.
Q: Was the plaintiff's unrelenting assertion of innocence ignored, for several months on end, by the Florida HSMV, with no possibility of resolve? See Attachment (C)

### 4.
Q: Was the state of Florida HSMV immediately notified of this error by plaintiff, as soon as plaintiff was made aware of an unwarranted refusal to submit to Breathalyzer test without a DUI conviction record on the State of Florida's data base? See Attachment (D)

### 5.
Q: Was plaintiff's punishment excessive (i.e. cruel and unusual) by any legal standards in any jurisdiction with no legal explanation, or condition that could warrant Florida's HSMV unwavering determination? See Attachment (E)

### 6.
Q: Did the State of Florida HSMV have any jurisdiction and or legal authority to prosecute plaintiff?

### 7.
Q: Does Florida HSMV have serious issues and causing impropriety and abuses of conduct/power and neglect of same that results in the violation of the Civil Rights of innocent people?

Mr.Snow maintain he can make valid arguments in the affirmation to all of these!

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COLYNN SNOW,

    Plaintiff

v.                                      CIVIL ACTION NO:._____

FLORIDA HIGHWAY SAFETY
AND MOTOR VEHICLES et al,
SANDRA LAMBERT, JULIE JONES
    Defendant
v.

BUREAU OF ADMINISTRATIVE
REVIEW et,al, SUPERVISOR
ADRIENNE M. ENNIS
GREGORY OZMENT
    Co- Defendant.

## DEMAND FOR JURY TRIAL

Comes now the Defendant in the above-style case and file this his Demand For a Jury

Trail, in accordance with the following:

### U.S. Constitution: Seventh Amendment

**Seventh Amendment - Civil Trials**

In Suits at common law, where the value in controversy shall exceed  twenty dollars, the right of trial

by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of

the  United States, than according to the rules of the common law.

CONSTITUTION
OF THE
STATE OF FLORIDA

ARTICLE I

DECLARATION OF RIGHTS

SECTION 22.    Trial by jury.--The right of trial by jury shall be secure to all

and remain inviolate. The qualifications and the number of

jurors, not fewer than six, shall be fixed by law.

Florida Rule of Civil Procedures:

Rule 1.430 Demand for Jury Trial; Waiver:

(a)  Right Preserved. The right of trial by jury as declared by the  Constitution or by statute shall be

preserved to the parties inviolate.

(b)  Demand. **Any party may demand a trial by jury of any issue triable** of right by a jury by

serving upon the other party a demand therefore in writing at any time after commencement of

the action and not later than 10 days after service of the last pleading  directed to such issues.

The demand may be indorsed upon a pleading of the party.

This 7th day of October, 2010

Respectfully Submitted

Colynn Snow, Pro-se
C/O 5949 Broken Arrow Drive W
Jacksonville FL 32244

This 7th day of October 2010

Respectfully Submitted:

Colynn Snow
5949 Broken Arrow Drive W
Jacksonville FL. 32244

## CERTIFICATE OF SERVICE

I hereby certify that I have served complete and correct copy(ies) of the foregoing

documents upon the parties listed below, by service through the U S Marshal service

upon approval of my application for form pupas affidavit.

This 7th day of October 2010.

Respectfully Submitted:

Colynn Snow

## PARTIES SERVED:

STATE OF FLORIDA HIGHWAY
SAFETY AND MOTOR VEHICLES
DIVISION OF DRIVER LICENSE
**JULIE L. JONES, SANDRA LAMBERT**
2900 APALANCHE PARKWAY
TALLAHASSEE, FLORIDA 32399-0500

STATE OF FLORIDA HIGHWAY
SAFETY AND MOTOR VEHICLES
BUREAU OF ADMINISTRATION REVIEWS
**GREGORY OZMENT, ADRIENNE M. ENNIS**
504-A CAPITAL CIRCLE SE
TALLAHASSEE, FLORIDA 32301-3817